GREGG S. GARFINKEL, SBN #156632
ERIC C. MORRIS, SBN #243425
STONE | ROSENBLATT | CHA, PLC
A Professional Law Corporation
21550 Oxnard Street, Main Plaza - Suite 200
Woodland Hills, California 91367
Tel: (818) 999-2232
Fax: (818) 999-2269
ggarfinkel@srclaw.com

Attorneys for Plaintiff
UNITED VAN LINES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED VAN LINES, LLC., a Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PHYLLIS BESCH and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CCV07-6022 WHA<br><br>JOINT SCHEDULING CONFERENCE STATEMENT AND PROPOSED ORDER |

Plaintiff, UNITED VAN LINES, LLC ("Plaintiff") and Defendant, PHYLLIS BESCH ("Defendant") hereby submit this Joint Scheduling Report and Proposed Order as ordered by this Court.

1. **BASIS FOR SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction in this action by virtue of 28 U.S.C.

1

§§ 1331 and 1337, as confirmed in *Thurston Motor Lines v. Rand,* 460 U.S. 583 (1983) and 28 U.S.C. § 1367. This action involves a claim for breach of contract and monies due and owing from the transportation of Defendant's shipment moving in interstate commerce, pursuant to the Interstate Commerce Act of 1995, 49 U.S.C. §§ 13702, 13706 and 14075. Venue is proper in that Plaintiff resides in this District and a substantial part of the events and omissions giving rise to this action occurred in this District. 28 U.S.C. Section 1391. The court has personal jurisdiction over the parties.

2.   SUMMARY OF CASE AND ISSUES

A.   **Summary of Case and of Claims and Defenses:**

Defendant contracted with Plaintiff for the interstate shipment of her goods and effects from Orleans County, Vermont to San Francisco, California. Plaintiff's complaint alleges breach of contract for interstate transportation and monies due and owing for work, labor and service (unjust enrichment).

B.   **Summary of Principle Issues:**

Plaintiff contends that Defendant must pay Plaintiff for the interstate shipment of her goods, pursuant to the Carmack Amendment. Defendant contends, in her answer, that Plaintiff damaged her goods and the estimated cost of repairs exceeds the amount owing for the services rendered by Plaintiff. In response, Plaintiff contends that it has the right to repair or replace items for which Defendant can prove that it was tendered and arrived damaged.

Plaintiff further contends that the rights and obligations of the parties are subject to the terms, conditions and limitations of the contract between the parties, if one exists, including, the liability limitations and claim filing requirements contained therein. 49 U.S.C. 14706. et. seq.

### 3. SUMMARY OF PROCEEDINGS TO DATE

Plaintiff originally filed a lawsuit in the United District Court, Northern District of California against Defendant on November 28, 2007. On January 28, 2008, Defendant filed an Answer. On February 14, 2008 the parties filed a Joint ADR Certification with stipulation to ADR Process.

### 4. PENDING MOTIONS AND ANTICIPATED AMENDMENTS

There are no pending Motions before this Court. As of yet, no motions are anticipated.

### 5. SETTLEMENT DISCUSSIONS

On January 17, 2008, Defendant submitted an offer to Plaintiff, which yielded no tangible settlement. Plaintiff and Defendant agree to the following court ADR process: Mediation. A mediator has not been appointed and no hearing has been scheduled.

### 6. DISCOVERY PLAN

Parties intend to serve its Initial Disclosures under rule 26(a)(1) by February 28, 2008. Discovery will be conducted regarding liability, tender, and damages. Discovery should be completed within 150 days. No phases or limitations of discovery are contemplated. Parties will use the California Code of Civil Procedure as it pertains to interrogatories. Otherwise, it does not

appear that any changes should be made in the limitations of discovery imposed under the federal or local rules.

Parties agree to the timing of disclosure of expert witness and information as outlined in Rule 26(a)(2). Plaintiff anticipates propounding written discovery including Interrogatories, Request for Production of Documents and Request for Admissions as well as taking Defendant's deposition.

7. JURY TRIAL

Parties have not demanded a jury trial. The bench trial should last one day.

8. ISSUES AFFECTING THE STATUS OF THE MANAGEMENT OF THE CASE

None.

9. PROPOSED DATES
1. Parties request an August 10, 2008 discovery cut-off in this matter.
2. Parties request a September 15, 2008 date for Expert Witness Designation.
3. Parties further request an October 15, 2008 date for Expert Discovery Cutoff.
4. Parties propose a March 30, 2008 date as the last day for the Final Motion Cut Off.
5. Parties propose April 15, 2008 as the Final Pretrial Conference date.
6. Parties also request a trial date on November 3, 2008.

| | |
|---|---|
| DATED: February ___, 2008 | STONE, ROSENBLATT & CHA<br>A Professional Law Corporation<br><br>By  /s/ Eric C. Morris<br>GREGG S. GARFINKEL<br>ERIC C. MORRIS<br>Attorneys for Plaintiff<br>UNITED VAN LINES, LLC |
| DATED: February ___, 2008 | By  /s/ Phyllis Besch<br>PHYLLIS BESCH,<br>In Pro Per |

5

JOINT SCHEDULING CONFERENCE STATEMENT AND PROPOSED ORDER

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On February 28, 2008, I served the foregoing document described as:
Joint Scheduling Conference Statement and Proposed Order, Joint Case Management Statement and Plaintiff's Initial Disclosures Pursuant to FRCP 26(a)(1) on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Phyllis Besch, *in pro per*
2026 California St.
San Francisco, CA 94109
415-563-0708

[x]   (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[ ]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[X]   Executed on February 28, 2008 at Woodland Hills, California.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Judith Nourse*
Judith Nourse